Keith D. Karnes, OSB # 03352
Olsen, Olsen & Daines
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
(503)362-9393

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IDA ROVERS,

                Plaintiff,
    v.

INTERNATIONAL MERCANTILE
COMPANY, INC.; ER SOLUTIONS,
INC.; JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION;
RELIABLE CREDIT ASSOCIATION,
INC.; PROVIDIAN NATIONAL BANK;
OREGON DEPARTMENT OF JUSTICE
DIVISION OF CHILD SUPPORT;
AT&T WIRELESS ASSET
MANAGEMENT, LLC; ASSET
MANAGEMENT OUTSOURCING
RECOVERIES, INC.; VALLEY
CREDIT SERVICE, INC.;
MCMAHAN'S FURNITURE CO.-
REDDING, LLC; CITIBANK
(NEVEDA), NATIONAL
ASSOCIATION; BONDED CREDIT &
COLLECTIONS, INC.; and EQUIFAX
INFORMATION SERVICES LLC,

                Defendants.

Case No. 05-6122-AA

COMPLAINT FOR VIOLATIONS OF
THE FAIR CREDIT REPORTING
ACT; VIOLATIONS OF THE
DISCHARGE ORDER; and INVASION
OF PRIVACY

**JURY REQUESTED FOR FAIR
CREDIT REPORTING ACT
VIOLATIONS AND INVASION OF
PRIVACY**

Page 1- COMPLAINT

## JURISDICTION

1.

This Court has jurisdiction pursuant to the Fair Credit Reporting Act (herein "FCRA"), 15 U.S.C. § 1681(p). Venue lies in the District of Oregon as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## PRELIMINARY STATEMENT

2.

This is an action for actual damages, punitive damages, statutory damages, attorney fees and costs brought by Plaintiff against Defendants for violations of the FCRA, 15 U.S.C. § 1681 *et seq.* ("FCRA").

3.

Plaintiff is a natural person and a resident of the Marion County, the State of Oregon. Plaintiff is a "consumer(s)" as defined by § 1681 a(c) of the FCRA.

4.

Defendant International Mercantile Company, Inc. (herein "IMCO") is a Washington corporation licensed to do business in the state of Oregon.

5.

Defendant IMCO is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6.

Defendant ER Solutions, Inc. (herein "ERS") is a Washington corporation licensed to do business in the state of Oregon.

Page 2- COMPLAINT

7.

Defendant ERS is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8.

Defendant JPMorgan Chase Bank, National Association (herein "JPMorgan") is a National Bank originating under laws of the United States.

9.

Defendant JPMorgan is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10.

Defendant Reliable Credit Association, Inc. (herein "Reliable") is an Oregon corporation licensed to do business in the state of Oregon.

11.

Defendant Reliable is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12.

Defendant Providian National Bank (herein "Providian") is a National Bank originating under laws of the United States.

13.

Defendant Providian is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

14.

Defendant Oregon Department of Justice Division of Child Support (herein "Support") is an Oregon corporation licensed to do business in the state of Oregon.

15.

Defendant Support is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16.

Defendant AT&T Wireless Asset Management, LLC (herein "AT&T") is a Washington corporation licensed to do business in the state of Oregon.

17.

Defendant AT&T is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18.

Defendant Asset Management Outsourcing Recoveries, Inc. (herein "AMO") is a Georgia corporation licensed to do business in the state of Oregon.

19.

Defendant AMO is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20.

Defendant Valley Credit Service, Inc. (herein "Valley") is an Oregon corporation licensed to do business in the state of Oregon.

/ / /

21.

Defendant Valley is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

22.

Defendant McMahan's Furniture Co.-Redding, LLC (herein "McMahan's") is a California corporation licensed to do business in the state of Oregon.

23.

Defendant McMahan's is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

24.

Defendant Citibank (Neveda), National Association (herein "Citibank") is a National Bank originating under laws of the United States.

25.

Defendant Citibank is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

26.

Defendant Bonded Credit & Collections, Inc. (herein "Bonded") is an Oregon corporation licensed to do business in the state of Oregon.

27.

Defendant Bonded is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

28.

Defendant Equifax Information Services LLC (herein "Equifax") is a Georgia corporation licensed to do business in the state of Oregon.

29.

Defendant Equifax is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

30.

Plaintiff filed for Chapter 13 Bankruptcy Protection on October 15, 1998.

31.

Plaintiff's Chapter 13 Bankruptcy was converted to a Chapter 7 Bankruptcy on February 1, 2000.

32.

Defendants IMCO, Reliable, AT&T, Valley, McMahan's, and Bonded were included in Plaintiff's bankruptcy as unsecured creditors.

33.

Defendants IMCO, Reliable, AT&T, Valley, McMahan's, and Bonded received notice of Plaintiff's bankruptcy filing from the United States Bankruptcy Court.

34.

Plaintiff's bankruptcy was discharged on June 3, 2000.

/ / /

/ / /

35.

The debts owed to Defendants IMCO, Reliable, AT&T, Valley, McMahan's, and Bonded were discharged in Plaintiff's bankruptcy.

36.

Plaintiff received a three-in-one credit report from Wells Fargo dated September 8, 2004 which Plaintiff noticed included discrepancies. (Exhibit A.)

37.

Plaintiff received a credit report from Defendant Equifax dated September 8, 2004 which Plaintiff noticed included discrepancies. (Exhibit B.)

38.

Plaintiff received a credit report from credit reporting agency Experian dated September 8, 2004 which Plaintiff noticed included discrepancies. (Exhibit C.)

39.

Plaintiff received a credit report from credit reporting agency Trans Union dated September 8, 2004 which Plaintiff noticed included discrepancies. (Exhibit D.)

40.

Plaintiff disputed the inaccurate entries on her Trans Union credit report via the internet on October 8, 2004. (Exhibit E.)

41.

Plaintiff disputed the inaccurate entries on her credit report provided by Defendant Equifax via the internet on October 8, 2004. (Exhibit F.)

42.

Plaintiff disputed the inaccurate entries on her Experian credit report via the internet on October 8, 2004. (Exhibit G.)

Page 7- COMPLAINT

43.

Plaintiff received a letter from credit reporting agency Trans Union dated October 11, 2004 asking for discharge papers to aid in the investigation of the disputed inaccurate entries on Plaintiff's credit report. (Exhibit H.)

44.

Plaintiff received investigation results including a new and updated credit report dated November 7, 2004 from credit reporting agency Experian. (Exhibit I.)

45.

Plaintiff received investigation results including a new and updated credit report dated November 9, 2004 from credit reporting agency Trans Union. (Exhibit J.)

46.

Plaintiff received investigation results including a new and updated credit report dated November 15, 2004 from credit reporting agency Trans Union. (Exhibit K.)

47.

Plaintiff did not receive investigation results or a new and updated credit report from Defendant Equifax.

48.

Defendant IMCO referred Plaintiff's account to Defendant ERS for collection although Plaintiff's debt to Defendant IMCO was discharged in Plaintiff's bankruptcy.

49.

Defendant AT&T referred Plaintiff's account to Defendant AMO for collection although Plaintiff's debt to Defendant AT&T was discharged in Plaintiff's bankruptcy.

50.

Defendant AT&T discontinued service on Plaintiff's cellular phone due to an "unpaid debt" although Plaintiff's debt to Defendant AT&T was discharged in Plaintiff's bankruptcy.

Page 8- COMPLAINT

51.

Defendant AT&T verbally abused Plaintiff while Plaintiff was explaining to Defendant AT&T that Plaintiff's debt to Defendant AT&T was included in Plaintiff's bankruptcy.

52.

Defendant AT&T became aware that Plaintiff's debt was included in Plaintiff's bankruptcy and discharged, but Defendant AT&T still proceeded in referring Plaintiff's account to Defendant AMO for collections.

53.

Defendant McMahan's inquired about and received Plaintiff's credit report on March 12, 2004 from credit reporting agency Trans Union for the purpose of collection although Plaintiff's debt owed to Defendant McMahan's was discharged in Plaintiff's bankruptcy. (Exhibits D, J, and K.)

54.

Plaintiff has been denied credit because of the inaccurate credit scoring caused by the Defendants.

55.

Plaintiff has been given a higher interest rate because of the inaccurate credit scoring caused by the Defendants.

56.

Plaintiff has been unable to refinance her home because of the inaccurate credit scoring caused by the Defendants.

57.

Defendant Providian's entry on Plaintiff's September 8, 2004 Trans Union and Experian credit reports is not Plaintiff's debt. (Exhibits D and C, respectively.)

///

///

58.

Defendant JPMorgan's entry on Plaintiff's September 8, 2004 Experian credit report is not Plaintiff's debt. (Exhibit C.)

59.

Defendant Citibank's entry on Plaintiff's September 8, 2004 Trans Union credit report is not Plaintiff's debt. (Exhibit D.)

60.

Plaintiff was never late on her payments to Defendant Support, Plaintiff's account with Defendant Support was never in collections, and Plaintiff has paid her account with Defendant Support in full. (Exhibit L.)

61.

Although Plaintiff has never been late on her payments to Defendant Support, Plaintiff's account with Defendant has never been in collections, and Plaintiff has paid her account with Defendant Support in full, Defendant Support has reported to credit reporting agency Trans Union that the status of Plaintiff's account with Defendant Support as of June 2004 is that it is a collection account. (Exhibit D.)

62.

Defendant ERS has reported to credit reporting agency Experian that the status of Plaintiff's account with Defendant ERS as of December 1999 is that it is a collection account with a past due balance of $274, with the original creditor being Defendant Defendant IMCO, who was listed and discharged in Plaintiff's bankruptcy. (Exhibit C.)

/ / /

/ / /

/ / /

/ / /

Page 10- COMPLAINT

63.

Defendant AMO has reported to credit reporting agency Trans Union that the status of Plaintiff's account with Defendant AMO as of August 1998 is that it is a collection account, with the original creditor being Defendant AT&T, who was listed and discharged in Plaintiff's bankruptcy. (Exhibit D.)

## Claim One
(FCRA Violation)

64.

Defendant Equifax's action in not investigating Plaintiff's disputes and not providing Plaintiff with a new and updated credit report is a violation of the FCRA 15 U.S.C. § 1681i(a)(1)(A).

65.

Defendant Equifax's action has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

## Claim Two
(FCRA Violation)

66.

Defendants IMCO, and AT&T's actions in reporting incorrect information to the major credit reporting agencies when Defendant's IMCO and AT&T had full knowledge Plaintiff's accounts were discharged in her bankruptcy is a willful violation of the FCRA 15 U.S.C. § 1681s-2(1)(A).

67.

Defendants IMCO, and AT&T's actions has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

## Claim Three
(FCRA Violation)

68.

Defendant McMahan's action in inquiring about and receiving Plaintiff's credit report although Plaintiff's debt to Defendant McMahan's was discharged in her bankruptcy is a violation of the FCRA 15 U.S.C. § 1681b(3)(A).

69.

Defendant McMahan's action has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

## Claim Four
(Invasion of Privacy)

70.

Defendant McMahan's action in inquiring about and receiving Plaintiff's credit report although Plaintiff's debt to Defendant McMahan's was discharged in her bankruptcy is an invasion of Plaintiff's privacy.

71.

Defendant McMahan's action has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

/ / /

/ / /

/ / /

## Claim Five
(FCRA Violation)

72.

Defendants Providian, JPMorgan, and Citibank's actions in reporting Plaintiff to have a debt that is actually not hers is a violation of the FCRA 15 U.S.C. § 1681s-2(1)(A).

73.

Defendants Providian, JPMorgan, and Citibank's actions has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

## Claim Six
(FCRA Violation)

74.

Defendants ERS and AMO's actions in reporting status of Plaintiff's account as a collection account when Defendants ERS and AMO had full knowledge that Plaintiff's debts were discharged in her bankruptcy is a willful violation of the FCRA 15 U.S.C. § 1681s-2(1)(A).

75.

Defendants ERS and AMO's actions has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 13- COMPLAINT

## Claim Seven
(FCRA Violation)

76.

Defendant Support's action in reporting status of Plaintiff's account as a collection account when Defendant Support had full knowledge that Plaintiff's debts paid in full is a willful violation of the FCRA 15 U.S.C. § 1681s-2(1)(A).

77.

Defendant Support's action has caused Plaintiff damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress and attorney fees.

## Claim Eight
(Discharge Order Violation)

78.

Defendant AT&T's actions in discontinuing service on Plaintiff's cellular phone due to an "unpaid debt" although Plaintiff's debt to Defendant AT&T was discharged in Plaintiff's bankruptcy is a violation of the discharge order imposed by 11 U.S.C. § 524.

## Claim Nine
(Discharge Order Violation)

79.

Defendant AT&T's actions in proceeding to refer Plaintiff's account to Defendant AMO for collections after Defendant AT&T became aware that Plaintiff's debt was included in Plaintiff's bankruptcy and discharged is a willful violation of the discharge order imposed by 11 U.S.C. § 524.

/ / /

**Claim Ten**
(Discharge Order Violation)

80.

Defendants IMCO, and AT&T's actions in referring Plaintiff's accounts to collections when Defendant's IMCO and AT&T had full knowledge Plaintiff's accounts were discharged in her bankruptcy is a willful violation of the discharge order imposed by 11 U.S.C. § 524.

**Claim Eleven**
(Discharge Order Violation)

81.

Defendants ERS and AMO's actions in reporting status of Plaintiff's account as a collection account when Defendants ERS and AMO had full knowledge that Plaintiff's debts were discharged in her bankruptcy is a willful violation of the discharge order imposed by 11 U.S.C. § 524.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants:

    A.    Actual Damages, jointly and severally, in the amount of $50,000.00;

    B.    Punitive Damages, jointly and severally, in the amount of $150,000.00;

    C.    Actual Damages from Defendant McMahan's in the amount of $25,000.00;

    D.    Punitive Damages from Defendant McMahan's in the amount of $100,000.00;

    E.    Compensatory Civil Contempt from Defendant McMahan's for violations of 11 U.S.C. § 524 in the amount of $25,000.00;

    F.    Attorney Fees and Costs pursuant to 15 U.S.C. § 1681n and 11 U.S.C. § 105;

/ / /

/ / /

G. An Order Enjoining Defendants from further reporting Plaintiff delinquent on her consumer credit report; and

H. For such other relief as the Court deem just and proper.

Dated April 20, 2005

_____
Keith D. Karnes, OSB # 03352
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Ida Rovers, demands a trial by jury for Fair Credit Reporting Act Violations and Invasion of Privacy

_____
Keith D. Karnes, OSB # 03352
Attorney for Plaintiff

Page 16- COMPLAINT