IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IDA ROVERS,

    Plaintiff,

  vs.

PROVIDIAN NATIONAL BANK,
ET AL.,

    Defendants.

O R D E R
Civil No. 05-6122-AA

AIKEN, Judge:

    Defendant Providian National Bank has moved, pursuant to Fed. R. Civ. P. 12(c) for a judgment on the pleadings. That motion is granted and Providian is dismissed from this lawsuit.

BACKGROUND

    Plaintiff filed this complaint pursuant to the federal Fair Credit Reporting Act (FCRA) against defendant Providian National Bank (Bank) as well as against several other defendants not at issue here.[1] See 15 U.S.C. § 1681s-2(a)(1)(a). Plaintiff then filed an amended complaint alleging that the Bank's "entry on Plaintiff's September 8, 2004 Trans Union and Experian credit reports is not Plaintiff's debt." First Amended Complaint, ¶ 44.

---

[1] Plaintiff actually sued Washington Mutual Bank, successor in interest to named defendant Providian Nation Bank.

1 - ORDER

Plaintiff alleges that the reported debt serves as a violation of FCRA by the Bank. Id. at ¶ 51. As a result of that alleged violation, plaintiff claims sustained damages in the form of denied credit, increased cost of borrowing money, damaged credit scoring, higher interest rates, emotional distress, and attorney fees. Id. at ¶ 52. Plaintiff also seeks punitive damages and attorney fees pursuant to 15 U.S.C. § 1681n for willful noncompliance with the FCRA. Id. at ¶ 2.

## STANDARDS

Fed. R. Civ. P. 12(c) states that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Smith v. National Steel & Shipbuilding Co., 125 F.3d 751, 753 (9th Cir. 1997).

## DISCUSSION

Plaintiff's claim under § 1681s-2(b) fails against the Bank. That section applies when a furnisher of information, "receiv[es] notice pursuant to section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy of any information provided." Section 1681i(a)(2) requires a credit reporting agency (CRA), once notified by a consumer that information in its files is disputed, to reinvestigate the accuracy of the information or delete it and, within five business days, to notify the person who furnished it with the information of the dispute. Upon receiving notice of the dispute from the CRA, the furnisher of information has five duties: (1) to conduct an

"investigation with respect to the disputed information; (2) to review all relevant information provided by the CRA; (3) to report the results of its investigation to the CRA; (4) if the investigation finds the information is incomplete or inaccurate to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information;" and (5) if the investigation finds the information incomplete or inaccurate or unverifiable, modify, delete or block the information to ensure it is not reported agin to a CRA. 15 U.S.C. § 1681s-2(b)(1)(A-E).

Despite the First Amended Complaint at issue here, plaintiff fails to allege that the Bank ever received notice from a CRA concerning the disputed information, or that the Bank did not fully comply with the reinvestigation and reporting duties that are triggered by such notice. Further, upon my review of the record, including the pleadings at issue here, I am unable to find any evidence or allegations in support of plaintiff's claim against the Bank. In the absence of such allegations, plaintiff's FCRA claim against the Bank fails as a matter of law.

Moreover, I find no evidence or allegation by the plaintiff that the Bank willfully violated the FCRA. First Amended Complaint, ¶¶ 2, 44, 51, 52. Therefore, plaintiff's claims for punitive damages and attorney fees pursuant to § 1681n fail as a matter of law. See Howard v. Blue Ridge Bank, 371 F.Supp. 2d 1139, 1143 (N.D. Ca. 2005)(motion to dismiss granted where factual allegations insufficient to support defendant's willful noncompliance with the FCRA).

///

## CONCLUSION

Defendant Providian National Bank's motion for judgment on the pleadings (doc. 64) is granted. Defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this  7  day of February 2006.


                                              /s/ Ann Aiken
                                                Ann Aiken
                                        United States District Judge

4 - ORDER